NEWELL MOREY, Respondent, *v.* JOHN M. WEBB et al., Appellants.

One C., who had been introduced to plaintiff by one of defendants, as authorized to purchase cheese for them, made various purchases, from time to time, to a large amount, which were shipped to and received by defendants' firm, and subsequently paid for by checks signed by C. as agent. Two purchases were finally made, the cheese marked and shipped in the usual way to, and received by, defendant's firm, but C. failed to pay a part of the price, the checks given by him therefor having been dishonored. In an action to recover the balance unpaid, *held*, that the fact that defendants furnished C. with money wherewith to pay for the cheese was no defence, in the absence of proof of knowledge on the part of plaintiff that C.'s authority was limited to purchasing for cash on delivery.

(Argued June 19, 1874; decided September 22, 1874.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon the verdict of a jury.

This action was brought to recover a balance alleged to be due plaintiff for divers lots of cheese sold and delivered to the defendants.

The purchases were made on behalf of the defendants by one Chapman, as their agent. The defence was that Chapman had been furnished by the defendants with funds wherewith to pay for all purchases made by him under their direction, and that, therefore, he had no authority to buy upon their credit, or upon any other terms than cash on delivery. They produced evidence to establish that Chapman had been furnished by them with funds wherewith to pay for the purchases in controversy in this action, but that he had converted these funds to his own use, after the cheese had been shipped and delivered to the defendants.

The plaintiff testified upon the trial that Turner, one of the firm of Webb, Turner & Co., of which the defendants consisted, came with Chapman to the plaintiff's factory, in 1869, the defendants' firm having previously been in the habit of purchasing cheese made at that factory. That Turner then said that his firm wanted to handle plaintiff's cheese, and that Chapman would be there to attend to buying, whenever the cheese was fit to go. That afterward Chapman made purchases for defendants from time to time, and the result was that most of the cheese made at the factory was shipped, on Chapman's order, to Webb, Turner & Co., the defendants. Chapman furnished a stencil brand, and the course of business was, that the cheese which Chapman selected was taken from the factory to the railroad depot, branded Webb, Turner & Co., and shipped to them, and payment afterward made by checks drawn by Chapman as agent. These dealings continued until August, 1870, and were very large in amount; all the purchases made by Chapman on the account of the defendants were paid for, except those made

June 27 and August 9 and 16, 1870. Those purchases were shipped to and received by the defendants, but Chapman failed to pay for them, checks which he gave for part of the price being dishonored.

Defendants' counsel, among other things, requested the court to charge : " If the plaintiff delivered the cheese at Herkimer without exacting pay from Chapman, when he could have obtained it by refusing to deliver it without pay, he cannot recover ; " and " that if the plaintiff could have obtained his pay for the cheese in question upon delivery and neglected to do so, and the agent, Chapman, had funds of the defendants under his control sufficient to pay for the cheese and afterward misappropriated those funds, the plaintiff cannot recover in this action." This the court declined to charge.

Said counsel also requested the court to charge : " That plaintiff was bound to ascertain the extent of the delegated authority, and the plaintiff could not hold the defendants responsible upon any transaction in excess of the limited authority of the agent, Chapman." The court stated, " that is so with the qualification, unless they subsequently ratified his act, in excess of the original authority, on being informed of such act."

The defendants' counsel excepted to the several refusals to charge and to the several "·modifications as above charged."

*George W. Smith* for the appellant. Chapman was only a special agent. (Paley on Ag., chap. 3, § 5 ; 41 Barb., 446.) The agent's authority in such case must be strictly pursued. (2 P. Wms., 19 ; 1 Comyn's Dig., 780 ; Story on Ag., §§ 126, 165, 172.) It is the duty of one doing business with such agent to learn his powers. (Story on Ag., §§ 133, 166, 170 ; *N. R. B.* v. *Aymar*, 3 Hill, 266 ; *Martin* v. *Farnsworth*, 49 N. Y., 555 ; *Delafield* v. *State of Ill.*, 26 W. R., 92, 223 ; *Rossiter* v. *Rossiter*, 8 id., 494.) Where a principal directs his agent to buy for cash and gives him money the latter cannot pledge the former's credit. (*Jacques* v. *Todd*, 3 W. R.,

83 ; 1 Am. L. C., 549 ; *Sprague* v. *Gillett,* 9 Metc., 91 ; *B. I. Co.* v. *Hale,* 8 N. H., 360 ; Paley on Ag., 141 ; Story on Ag., § 77.) Clear evidence of ratification must be shown to charge defendants. (*Seymour* v. *Wyckoff,* 19 N. Y., 213, 236 ; *Nixon* v. *Palmer,* 8 id., 401 ; Story on Ag., § 253.)

*Francis Kernan* for the respondent. The evidence was sufficient to show Chapman to be a general agent. (*Edwards* v. *Shaffer,* 49 Barb., 291 ; Story on Ag., § 19, pp. 126, 134.) The exception to the refusals to charge being general present no question for review. (*Carpenter* v. *Stillwell,* 11 N. Y., 61 ; *Zabriskie* v. *Smith,* 13 id., 322.)

RAPALLO, J. According to the course of dealing between these parties, the shipment of the cheese bought by Chapman for Webb, Turner & Co. usually, if not invariably, preceded the payment of the price. No notice to the plaintiff was shown that Chapman's authority was limited to purchases for cash on delivery. On the contrary, the plaintiff testified that he had no knowledge of any such restriction. Chapman was introduced to him by one of the defendants' firm, as authorized to purchase cheese for them With defendants' knowledge, he put up a sign as agent for them. His dealings as such agent were numerous and extensive. The cheese was delivered, marked and shipped to the defendants according to Chapman's directions, and regularly paid for at a subsequent time, with the exception of the three lots now in controversy. We see no ground upon which the judgment should be disturbed.

Judgment affirmed, with costs.

All concur ; GROVER, J., in result.

Judgment affirmed.