Isaac McNeilly, Administrator, etc., Respondent, *v.* The Continental Life Insurance Company, Appellant.

One who has dealt with an agent in a matter within the agent's authority has a right to assume, if not otherwise informed, that the authority continues, and, unless notice of revocation is brought home to him, the principal is bound if the dealings continue after the authority is revoked. Plaintiff's intestate, I., procured a policy of life insurance from defendant through W., its general agent. The premiums were paid semi-annually to W., who received and remitted them to defendant. The agency of W. terminated in May, 1874, save to receive and forward such premiums as should be paid to him thereafter. Defendant in June, 1784, sent a notice to I. that a premium on his policy would fall due on the twenty-second. Across the face was stamped the words "Remit direct to the home office." I. sent to W. a P. O. order for such premium. He had previously paid in the same manner and no objection had been made. W. was absent from home, but his daughter, in accordance with his instructions, wrote I. that her father would send receipt on his return. He returned home after the time for payment by the terms of the policy had expired, drew the money on the order and forwarded it to defendant, who refused to accept. *Held,* that the evidence of notice of the revocation of the agent's authority at most

raised a question of fact for the jury; that it was no objection that the payment was by P. O. order; and that the authority given by W. to his daughter to receive premiums falling due in his absence was within the general scope of his authority, and payment to her was payment to him.

Upon the back of the policy was printed a notice to the policyholders that payment to agents would not be deemed valid unless a receipt, signed by certain specified officers of the company, was received at the time. *Held,* that this was not a limitation of the power of a general agent, and payment to him was valid without a receipt; also that, as at the time when W'.s general agency terminated he returned all receipts in his hands and was authorized to receive premiums thereafter without having receipts in advance furnished him, this was a waiver of the instructions contained in the notice.

(Argued April 6, 1876; decided April 18, 1876.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department reversing an order nonsuiting plaintiff on trial, and granting a new trial.

This action was brought upon a policy of life insurance issued by defendant upon the life of plaintiff's intestate, Isaac McNeilly.

The policy was issued June 22, 1870. It was obtained through one E. D. Weller, who, at the time, was general agent of defendant. To him the insured paid the premiums as they fell due up to December 22, 1873, receiving receipts therefor. By the terms of the policy the premiums became due and payable semi-annually on the twenty-second of June and December, or within thirty days thereafter. By the terms of Weller's agreement with defendant his agency expired May 26, 1874, and at that time he surrendered up the receipts then held by him, he having authority, however, and agreeing to receive and forward any premiums paid to him. Prior to June 22, 1874, defendant sent to the insured a notice by mail advising him that the premium fell due on the twenty-second of June. Across the face of the notice was stamped the words "Remit direct to the home office." It did not appear when the insured received this notice. On the 16th July, 1874, the insured mailed to Weller a postal order

·payable to him for the amount of the premium. He had been accustomed to pay the premiums in the same manner, and they had been received without objection. At the time this order was received Weller was away·from home. It was ·received by his daughter in accordance with instructions from her father, and she wrote the insured, acknowledging receipt .and stating that a receipt would be sent upon return of her father. He returned home July twenty-seventh or twenty-eighth, drew the money on the order, and procured a new order for amount, which he forwarded to defendant. Defendant wrote to the insured informing him of the receipt of the money, and stating as the premium was past due it would not accept it unless he would sign and return a certificate of health inclosed, and that meanwhile it would hold the draft or order subject to his order. The insured informed defendant ·that he could not sign the certificate, as he had been for some ·months in failing health. In September defendant inclosed to the insured the order received by it from Weller, who returned it. Upon the back ·of the policy was printed a notice to policyholders, to the effect that no payment to an agent was valid without the production and delivery by him of a receipt signed by the president, secretary or actuary of the company. The insured died October 5, 1874.

At the close of the evidence on the trial defendant's counsel moved for a nonsuit, which was granted. Plaintiff's counsel duly excepted. Exceptions were ordered to be heard at first instance at General Term. Further facts appear in the opinion.

*Charles J. Bissell* for the appellant. Non-payment of the premium upon the day it fell due avoided the policy. (*Howell* v. *Knick. L. Ins. Co.*, 44 N. Y., 276; *Russ* v. *Mut. B. Ins. Co.*, 23 id., 515.) The authority of an agent is terminated upon revocation of such authority and notice to the parties who have dealt with him. (2 Kent's Com. [9th ed., m. p.] 644, 645; *Vail* v. *Judson*, 4 E. D. S., 165.) The condition on the back of the policy was a part of the policy itself.

(*Murdock* v. *Chenan. Co. Mut. Ins. Co.*, 2 N. Y., 210; *Williams* v. *Wash. Ins. Co.*, 31 Iowa, 541.) The fact that the notice that the premium was due was sent by mail is presumptive evidence that the deceased received it by due course of mail. (1 Phil. on Ev. [5th ed., m. p.], 645, note 7; 1 Greenl. on Ev. [7th ed.], 53, § 40, notes 2 and 3.) Payment by post-office order could not operate as a payment of the premium. (*Olcott* v. *Rathbone*, 5 Wend., 491; *Bradford* v. *Fox*, 38 N. Y., 289; *Smith* v. *Miller*, 6 Abb. [N. S.], 234; *Busby* v. *N. Am. L. Ins. Co.*, 4 Big. Ins. R., 117; *Bouton* v. *Am. Mut. L. Ins. Co.*, 25 Conn., 542; *Fellows* v. *Northrup*, 39 N. Y., 117; *Lewis* v. *Ingersoll*, 3 Abb. Ct. App. Dec., 55; *Contl. L. Ins. Co.* v. *Willett*, 24 Mich., 268.)

*A. M. Bingham* for the respondent. The deceased was not required to spell out the termination of Weller's agency by implication, but was entitled to a clear and express notice of it. (*Fellows* v. *Hartf. and N. Y. Stbt. Co.*, 38 Conn., 197; *Bap. Ch.* v. *Bklyn. F. Ins. Co.*, 19 N. Y., 305; *Prest. W. Bk.* v. *Carner*, 37 N. Y., 320.) Slight evidence of a waiver of a forfeiture in an insurance policy will be sufficient to avoid a forfeiture of the contract. (*O'Reily* v. *G. M. L. Ins. Co.*, 3 Sup., 453; *Young* v. *Mut. L. Ins. Co.*, 4 Big. Ins. Cas., 1.) Weller was, as to the deceased, a general agent, and had power to waive the company's directions and receive the premiums. (*Howell* v. *Knick. L. Ins. Co.*, 44 N. Y., 276; *Bohen.* v. *Wmsb. Ins. Co.*, 35 id., 131; 46 id., 526; *Ins. Co.* v. *Colt*, 20 Wall., 560; *Goit* v. *Nat. Pro. Ins. Co.*, 25 Barb., 189; *Mayers* v. *Mut. L. Ins. Co.*, 4 Big. Ins. Cas., 62; *Bortine* v. *Ex. F. Ins. Co.*, 51 N. Y., 117.) The neglect of Weller to forward the premium to the company before it became due is not chargeable to the deceased. (*N. Y. and N. H. R. R. Co.* v. *Schuyler*, 34 N. Y., 30; *Fahrenkrag* v. *Ecl. L. Ins. Co.*, 4 Big. Ins. Cas., 42; *Ins. Co.* v. *Colt*, 20 Wall., 560; *Goit* v. *Nat. Pro. Ins. Co.*, 25 Barb., 189; 13 Alb. L. J., 80.)

ANDREWS, J.   When the policy was issued Weller was the general agent of the defendant, and was authorized to take applications for insurance, appoint local agents, and receive original, or renewal premiums on policies issued by the company.   In 1870 he took the application for insurance upon the life of the plaintiff's intestate, and the policy was issued June 22, 1870, countersigned by Weller as general agent.   By the terms of the policy the premium was payable on the twenty-second day of June in each year, or within thirty days thereafter, and prior to 1874, premiums had been paid semi-annually to Weller, who received and remitted them to the defendant, and the company forwarded to Weller receipts therefor, which he delivered to the insured.   On the 16th day of July, 1874, the insured mailed to Weller a postal money order for the semi-annual premium which fell due June 22, 1874.   Weller was then absent from home, but his daughter, pursuant to his instructions, received the order, and informed the insured by letter that her father would send a receipt on his return.   He returned home on the twenty-seventh or twenty-eighth of July, and drew the money on the order sent by the insured, and procured an order on the New York office for the amount of the premium, and sent it to the defendant.   The defendant, on receiving the order, wrote the insured informing him of its receipt, and inclosing in the letter a certificate of health, and stating, in substance, that as the premium was past due the company would not accept it, except on condition that he would sign and return the certificate, and that, meanwhile, it would hold the draft subject to his order.   The insured had, for several months, been in failing health, and he informed the defendant that he could not for that reason make the statement contained in the certificate.   After-ward, in September, the defendant returned the order to the insured, who again sent it to the company, and in October, of the same year, the plaintiff's intestate died.

The defence interposed by the company is that the policy was forfeited by the non-payment of the June premium.   It was sent to Weller within the thirty days extension of time

given by the policy. The defendant, to avoid the effect of this payment, relies upon the fact that the general agency of Weller terminated in April, and that notice was given to the insured, before the payment was made, to send the premium directly to the company.

A person who has dealt with an agent in a matter within his authority, has a right to assume, if not otherwise informed, that the authority continues, and when the dealing continues after the authority is revoked, the principal is nevertheless bound, unless notice of the revocation is brought home to the other party. (Story on Ag., § 470.) It was, therefore, essential for the defendant, in order to defeat the action, to show that the plaintiff's intestate, when he made the payment to Weller, in July, 1874, had notice that he was not authorized to receive it. To establish this the defendant proved that, early in June, it mailed to the insured a notice that the premium on his policy would fall due on the twenty-second of that month. This notice was partly printed and partly written, and across its face was stamped the words, " remit direct to the home office." When this notice was received by the insured does not appear. It was seen in his possession in August. This is all the evidence there is to show that the insured, when he sent the money-order to Weller in July, knew that his authority was terminated. This evidence, at most, raised a question of fact for the determination of the jury. The notice made no reference to Weller, nor did it indicate that his agency had terminated. It is evident that he did not so understand it, for he had abundant time to have remitted the premium to the defendant's office, if he had supposed that Weller had no right to receive it. Nor did the direction on the notice to send to the home office operate as notice of a special limitation of the previous authority vested in Weller. The direction was printed on a blank prepared for general use. The general direction to send to the home office would not fairly imply that payment to a general agent was prohibited. If it would convey to any one any intimation of this kind, it would not be likely to do

so to persons unskilled in business, with whom, to a great extent, the business of life insurance companies is conducted. The language is, at least, vague and equivocal to convey the information claimed, and it is not too much to require that the defendant shall make a plain case when it claims a forfeiture. The objection that the money was remitted by post-office draft, is not tenable. The insured had paid his premiums in this way before, and Weller had accepted them as a good payment, and the company made no objection on this ground. The authority given by Weller to his daughter to receive premiums falling due in his absence, was within the general scope of his agency, and payment to her was payment to him. The notice to policy-holders printed on the back of the policy, that payment to agents would not be deemed valid, unless a receipt, signed by the president, secretary, or actuary of the company was taken at the time, cannot be construed as a limitation of the power of a general agent. It was not a part of the contract of insurance, and payment to a general agent without the production of a receipt, is valid. (*Boehen* v. *Williamsburgh City Ins. Co.*, 35 N. Y., 131; *Sheldon* v. *The Atlantic Ins. Co.*, 26 id., 460; *Shearman* v. *The Niagara Ins. Co.*, 46 id., 526.) There is another answer to this objection. The agency of Weller, under his contract with the company, terminated on the 26th day of May, 1874, and on that day all receipts in his hands were delivered by him to the company. But his agency was continual for a special purpose, viz., to receive such premiums as should be paid to him thereafter, and forward them to the defendant, and under this authority he continued to receive premiums falling due, until October, and sent them to the company pursuant to the arrangement. No receipts in advance were furnished to deliver to the persons paying the premium, nor was it contemplated that this should be done when the special authority was given to Weller. The claim, that Weller's special authority, after the termination of his general agency, was confined to receiving premiums in cases where receipts were furnished him in advance, is not, we think, supported by the proof. Upon the

ground, therefore, of a special waiver by the company of the instruction contained in the notice to policyholders, the payment made by the plaintiff's intestate was valid.

It is not claimed that the nonsuit can be supported upon any grounds other than those we have considered, and for the reasons stated we are of opinion that they do not justify the direction given at the Circuit.

The order appealed from should be affirmed, and judgment absolute ordered for the plaintiff on the stipulation.

All concur; Allen and Earl, JJ., on last ground.

Order affirmed, and judgment accordingly.