Daniels, J.
The judgment was recovered for the foreclosure of a mortgage executed by David W. Evans to the plaintiff to secure the payment of the sum of five thousand dollars, on the 29th of January, 1884, with interest semiannually from the 29th of January, 1879. The money was loaned through the agency of George A. Baker, who resided in the state of New York, while the plaintiff himself resided in the state of Connecticut. The bond and mortgage were .left in the possession of the agent and attorney until the latter part of the summer or the early part of the fall of the year 1882, and he was empowered by the plaintiff to collect and receive the interest as it accrued upon the debt.
But in the evidence of the plaintiff, which was the only testimony given as to this fact, it was stated that no authority was given to Baker to receive any part of the priri•cipal of the debt. And the court at the trial, as it was clearly its duty to do from the proof, found the fact that the agent was not authorized to receive any portion of the principal seemed by the bond and mortgage. He did, however collect and receive the entire principal as well as the interest, receiving the last payment of principal on the 27th of July, 1883. These payments were all received before the time when by the terms of the bond and mortgage, the *217 principal became due and payable, and with the exception of the sum of $1,000 paid on the 22d of November, 1882, they were all received after the plaintiff withdrew the bond and mortgage from the possession of the agent and retained it himself. He was employed by the plaintiff in making other loans of money upon bonds and mortgages and collecting the interest, and to a certain extent the principal secured in those instances. But there were no such dealings between himself and the plaintiff as to create the presumption that he was in any sense a. general agent, but his employment was specific, relating to the particular transactions which were initiated and consummated through bis agency. As to each his powers were distinct and divisible, and he was only authorized to bind the plaintiff within the limits of the powers conferred upon him. As these other transactions failed to establish the presumption of anything like a general agency on the part of Baker, including the transaction of all business relating to the loans made by the plaintiff, they could exert no effect in the way of enlarging or increasing his authority over the debt secured by the bond and mortgage in controversy. As to that his authority was limited, and it does not appear in the case that the mortgagor at any time had any information or knowledge whatsoever concerning the employment of the agent in any other transactions than this by the plaintiff. The right of the mortgagor to bind the latter by making payments upon the bond and mortgage must therefore be confined to the authority which the agent, Mr. Baker, had over this particular loan. And ns the mortgagor understood throughout that he was dealing with an agent, it was his duty at the peril of loss to himself to ascertain the extent of Ms authority in this business. That he failed to do, and consequently made the payments of principal which were alone in controversy m the action at his own risk. They were made before, by the terms of the loan, any part of the principal became due. And if he had reflected upon the subject he might very well have inferred from the fact that the loan was made to mature at .a period of five years after the execution of the bond and mortgage,' that it was designed to be of a somewhat permanent character, and that the investment was made to secure by way of interest the profit of the transaction. This intent the agent had no authority to defeat by receiving as he did the prmcipal at Ms own instance before the time of its maturity. For the proposition is a general one affecting the rights of an agent, that he may not receive the money "due upon obligations running to his prmcipal before the maturity of the debt. Doubleday v. Kress, 50 N. Y., 410, 413. As to the $1,000 therefore, wMch was paid on the 22d of *218 November, 1882, the court was right in disallowing it as a. payment of the debt on this ground.
The other payments being all made after the bond and mortgage were withdrawn from the possession of the agent, are for that additional reason inapplicable as payments, upon the debt. For as to the principal secured, the agent, had no other authority than that which could Be inferred from the fact of the principal confiding to him the possession of the securities. And after they were withdrawn, all evidence of his authority, except that actually existing, including only the power to collect interest, was out of his-hands. And payments made to him without the possession of the bond or the mortgage were not binding upon the plaintiff, inasmuch as no portion of the money ever went-into his possession. This subject was very fully examined in the case of Smith v. Kidd (68 N. Y., 130), where it was-held that payments upon a mortgage debt, made as these were to this agent, were not valid against' the principal himself, and should all be disallowed under his objection to their application. And in the disposition of the case at the trial, the court ■ followed the principle settled by this and the other authorities.
The case of McNeilly v. Continental Ins. Co. (66 N. Y., 23), is entitled to no effect over this controversy, for what-was said in its decision was intended to apply to the power and authority of a general agent. Persons dealing with that class of agents are entitled to assume the continuance-of their authority until the fact of a change shall be brought to their knowledge. But in dealing with a special agent the rule is otherwise. Persons dealing with him are bound to ascertain the extent of his authority, and if they do not the risk is upon them of the transaction failing to be valid and binding upon the principal.
This agent not only misappropriated and applied to his own use all the payments made to him on the principal of the debt, but the evidence was sufficient to establish the conclusion that he fabricated and forged a bond of the same-tenor as that executed by the "mortgagor, and received and endorsed the payments of principal upon that bond. But-for these acts the plaintiff was not responsible. They were entirely outside of bis authority and employment, and so far from having a tendency to maintain the payments-against the plaintiff, they aggravated the misconduct of the agent and increased the measure of the carelessness of the mortgagor in making bis payments. For he should have known, however, closely the simulation of the genuine-bond was, that his name had to this fabricated bond been forged by the agent who professed to have witnessed it. "While he was a careful man in his business transactions, *219 that degree of care and scrutiny was not exercised in this case, which, if it had been observed, and which the law requires to be exercised, would have protected him against the loss of these payments. He did not accept the bond as that of his own obligation, and could not do so for the purpose of affecting the plaintiff’s rights, but undoubtedly assumed it to be the genuine bond in the case in making the payments of the principal debt upon it. But as the plaintiff was in no manner responsible for these acts, either of the agent or of the debtor, the payments so made were legally disallowed upon the trial of the action. The mis-' conduct of the agent proceeded even farther than that of fabricating a simulated bond, for when the last payment of principal was made he executed and acknowledged a discharge of the mortgage, upon which it was actually discharged of record in the office of the register. As these acts were without authority, and criminal on the part of the agent, and no part of the principal debt was ever received by the plaintiff, and he in no way affirmed or ratified these acts of misconduct on the part of his agent, he was entitled to the judgment directed in his favor for the recovery of the debt secured by the mortgage.
The remedy of the defendants for the wrongs perpetrated by Baker is against him personally, and not against the plaintiff, in defiance of whose rights these wrongs were committed by the agent. The judgment in the case should be affirmed together with the costs of the appeal.
I concur, Brady, J.