Bradley, J.
The plaintiffs’ recovery was upon an account for goods alleged to have been sold by them to the defendant. It appears that in 1882, and into October, 1883, the defendant with his family resided upon a farm owned by him in the town of Macedón, Wayne county; that his father, Giles Warner, and family also resided on the farm— a portion of the time in the same house with the defendant and a part of the time in another house on the farm. During that period tlie defendant bought grain, feed, etc., of *754 the plaintiffs, who operated a mill at Macedón, and were dealers there in the firm name of M. B. Biggs & Son. The dealings between the plaintiffs and defendant went into an account upon the plaintiffs’ books. And payments made in cash and produce were from time to time credited to the defendant’s account. The purchases of the plaintiffs on. account of the defendant were sometimes made by the defendant, other times by the father and the hired man.
In October, 1883, the defendant went to Lyons to reside, where he has since resided. He left his stock, farming utensils, etc., on the farm and his father remained there, and afterwards purchased feed, flour, grain, etc., from time to time of the plaintiffs, which were called for and taken by the father and the hired man engaged upon the farm. And the goods so purchased were entered by the plaintiffs in the-account upon their books with the defendant. The controversy relates to that portion of the account for the goods sold after the defendant left the farm. And he and his father testify that after that time the latter had no authority to get the goods on the account or credit of the defendant; and the-latter says that he leased the farm and the stock upon it to his father, and had nothing to do with its operation and proceeds after he left it in October, 1883, but that he had some grain there at that time which his father afterwards, delivered for him to the plaintiffs on his account then remaining unpaid.
It appear^ that the plaintiffs treated the defendant as the principal, and the father as his agent, in all the transactions of the deal which produced the account, and that after it had accrued one of the plaintiffs drew a note for the defendant to make for the amount of the balance.' And he says that he handed to the defendant a copy of the account and that he made no objection to it. This is contradicted by the latter. But it does appear and is not questioned that the plaintiffs had no notice of any change in the relations of the defendant and his father in the business, on the farm, unless it was furnishéd by knowledge of the fact that the defendant had left the farm, which we think did not ■ necessarily require the conclusion of notice to the plaintiffs that such relation was altered, as the defendant’s stock and utensils remained and were maintained and used apparently as before that time on the farm. And for want of notice of revocation of the relation of the father as agent of the defendant, the plaintiffs were permitted to assume that it continued after as it had before the defendant ceased to reside on the farm. And therefore, the defendant was chargeable upon the account for goods, etc., obtained through the same agency, in the same line of trade, for use upon the farm as before, and upon the faith that *755 they were ordered and obtained upon his account and credit. McNeilly v. Continental Life Insurance Company, 66 N. Y., 23; Claflin v. Lenheim, id., 301.
The motion for .non-suit was properly denied. And we see no error to the prejudice of the defendant on the trial. The want of notice to the plaintiffs of any changed relation of the defendant to the business of the farm was a. legitimate fact on the trial and no objection was taken to the manner of proving it, or to the form of the question put to the witness in that respect. The transaction which.; occurred between one of the plaintiffs and the defendant’s ' father at the time the account was figured up and the note . drawn and handed to the latter, was not incompetent; and what was said at the time, having relation to it was part of the res gestee. There is evidence bearing upon the merits which is not herein referred to. And as a whole the evidence was such as to present a question of fact; and sufficient to support the judgment of the justice.
The judgment should be affirmed.
Smith, P. J., Barker and Haight, JJ., concur.