(40 App. Div. 590.)

## STEVENS v. SCHROEDER.

(Supreme Court, Appellate Division, Third Department. May 3, 1899.)

1. APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.

On appeal from a judgment, where no appeal was taken from an order denying a new trial, the court will not review the facts of the case, or consider whether the verdict is against the weight of evidence.

2. PRINCIPAL AND AGENT—REVOCATION OF AUTHORITY—NOTICE.

Goods were shipped and billed by plaintiff to S., as defendant's manager, for about a year, when defendant sold out to S.'s wife. He continued the

business as her agent, and goods were shipped to him as before, but checks in payment of goods were thereafter sent to plaintiff, signed in the name of the wife, per S. In an action for goods sold after the transfer to S.'s wife, defendant testified that she had given notice to plaintiff's agent of the transfer, which the agent denied. Plaintiff testified that he had not noticed how the checks sent him were signed. *Held*, that a verdict for plaintiff would not be disturbed.

Appeal from trial term, Albany county.

Action by Joseph W. Stevens against Elizabeth Schroeder for goods sold and delivered. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Clark L. Jordan, for appellant.

George H. Stevens, for respondent.

PUTNAM, J. The defendant on the trial made no motion for a nonsuit, nor was any order denying his motion for a new trial entered. Even if we could consider the statement in the case that after the entry of the verdict the defendant made a motion for a new trial, which was denied, as equivalent to an order denying such motion, no appeal was taken therefrom by him. We are therefore precluded from reviewing the facts of the case, or passing upon the point raised by the learned counsel for the appellant, that the verdict of the jury was against the weight of evidence. Boos v. Insurance Co., 64 N. Y. 236–242; Burger v. Burger, 111 N. Y. 523–528, 19 N. E. 99, and 21 N. E. 50.

Were it otherwise, however, the evidence introduced on the trial was, we think, sufficient to sustain the verdict of the jury. The defendant, on the 10th day of July, 1896, purchased of one J. A. Schmitt his store of goods in the city of Gloversville, and thereafter conducted the business formerly carried on by said Schmitt, appointing him her manager and agent. On August 29, 1896, Schmitt wrote to the plaintiff a letter, of which the following is a copy:

"Mr. J. W. Stevens, Albany, N. Y.—Dear Sir: I have disposed of my wholesale and retail liquor business to Mrs. E. Schroeder, of this city, but she has retained me as manager and agent for her to conduct the same. Kindly send me 500 Shakespeare Dream cigars, in medium colors, at your best prices and terms.

"Truly yours,                        •                J. A. Schmitt, Mangr."

On receipt of the letter, the plaintiff shipped the goods called for, and from that period continued to ship goods, from time to time, including those for which the plaintiff sought to recover in this action, which were shipped from the 10th day of December, 1897, to the 6th day of January, 1898. The goods so shipped were generally sent to, and the bills therefor charged to, "J. A. Schmitt, Manager." It was shown that the defendant, on April 28, 1897, sold out the business to Mary A. Schmitt, and that it continued to be conducted thereafter by the said J. A. Schmitt, her husband, as her agent. Witnesses for the defendant testified that a notice was given to the plaintiff's agent, Mr. McDonald, of the sale by the defendant to Mary A. Schmitt, but their testimony in that regard was controverted by Mr. McDonald,

and the jury evidently credited his statement. It was also shown that, after the purchase by Mary A. Schmitt, checks were sent to the plaintiff signed, "M. A. Schmitt, per J. A. S.," for goods forwarded by the plaintiff to J. A. Schmitt, manager; the plaintiff testifying that he paid no attention to the signatures to the checks, or knew by whom they were given.

The question arising out of the contention of the defendant, that the plaintiff received notice of the sale of the business by the defendant to her daughter-in-law, was submitted to the jury by the trial judge, as follows:

"The defendant claims she gave notice in fact by a notice to Mr. McDonald, the agent and drummer for the plaintiff. I charge you that, if notice was in fact given, the defendant is entitled to recover in this action. I charge you, further, if there was sufficient in those checks, in your judgment, to put them upon inquiry, that such inquiry is as called for by virtue of that notice was required on the part of the plaintiff."

No exception was taken to that portion of the charge, or to the submission to the jury of the issue raised as to the notice, and we see no reason to doubt that the instructions of the trial judge to the jury in that regard were correct.

It appeared, therefore, that the defendant commenced business in July, 1896, and in August of that year, through her manager and agent, wrote the letter above set out. Thereafter the plaintiff continued from time to time to ship goods directed to "J. A. Schmitt, Manager," including the goods to recover the value of which this action was brought. The plaintiff had, as a jury have found, no notice of the sale by the defendant of the business to Mary A. Schmitt. Under such a state of facts, we see no reason to set aside the verdict of the jury.

In McNeilly v. Insurance Co., 66 N. Y. 23–28, it was said:

"A person who has dealt with an agent in a matter within his authority has a right to assume, if not otherwise informed, that the authority continues, and, when the dealing continues after the authority is revoked, the principal is nevertheless bound, unless notice of the revocation is brought home to the other party. Story, Ag. § 470."

In Claflin v. Lenheim, 66 N. Y. 301, it appeared that an agent carried on a store for his brother, the defendant, and had been in the habit of purchasing goods of the plaintiff in his brother's name prior to July, 1867, at which time his agency was revoked. In November and December thereafter, without authority, the agent purchased goods in the same manner as before, on the credit of the defendant. The latter was held liable, the court, in the opinion, using the following language:

"It is a familiar principle of law that, when one has constituted and accredited another his agent to carry on a business, the authority of the agent to bind his principal continues, even after an actual revocation, until notice of the revocation is given, and, as to persons who have been accustomed to deal with such agent, until notice of the revocation is brought home to them. The case of such an agency is analogous to that of a partnership, and a notice of revocation of the agency is governed by the same rules as notice of the dissolution of a partnership. As to persons who have been previously in the habit of dealing with the firm, it is requisite that actual notice should be brought home to the creditor, or, at least, that the credit should have been given under circumstances from which notice can be inferred. Where the

circumstances are controverted, or where notice is sought to be inferred as a fact, from circumstances, the question is for the jury. They must determine, as a question of fact, whether the party claiming against the partnership or the principal did have notice of the dissolution or revocation; and, there being some evidence of the fact of notice, the court, in the present case, properly submitted to the jury this question of fact."

Under well-established doctrines as laid down in the above authorities, it cannot be doubted that the evidence introduced by the parties in the case was sufficient to support the verdict rendered by the jury, or that that portion of the charge of the learned trial judge to which the defendant excepted correctly stated the legal principles applicable to the case.

We conclude that the judgment should be affirmed, with costs. All concur.