(28 Misc. Rep. 215.)

### LYNCH et al. v. RABE.

(Supreme Court, Appellate Term. June 28, 1899.)

1. ACTS OF AGENT—LIABILITY OF PRINCIPAL—REVOCATION OF AGENCY.

Where defendant opens a branch of his business, and places it in charge of a third person, who carries it on in the name of defendant, and represents to all persons that he is the defendant, and thereafter buys certain property for use in the business in the name of defendant, defendant is liable therefor, if such third person was his general agent, though he purchases after revocation of his agency, where no notice of the revocation was given.

2. PARTNERSHIP.

If such third person was the partner of defendant, and the purchase was made after the dissolution of the firm, defendant continued liable until notice, actual or constructive, had been brought home to the vendor.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by De Witt S. Lynch and Joseph Kunkel against William A. Rabe. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Joseph I. Green, for appellant.
Isaac Phillips, for respondents.

LEVENTRITT, J. This action was brought to recover the unpaid balance of the purchase price of three wagons which the plaintiffs claim they sold and delivered to the defendant. The latter disclaims liability on the ground that he was not concerned in the transaction. The record shows the following facts: In January, 1898, the defendant, who for 14 years prior to that time had been engaged in business as a livery stable keeper and as a dealer in horses and wagons, concluded to open a branch at 18 Renwick street in connection

with the main stables, which he had been conducting at 416 East Seventy-Sixth street. He made arrangements to have the new business carried on in his name by one Samuel Lobely, and thereupon secured a lease to himself, as tenant, of the Renwick street premises, for 15 months from the 1st of February, 1898. The branch was opened, and Lobely placed in charge. He was either the agent or the partner of the defendant. The contradictory statements of the defendant leave in doubt the real nature of the relation. In one portion of his direct testimony he declares that Lobely was merely an employé, whose salary was measured by one-half the profits realized from the business; in another he asserts unequivocally that Lobely was to share profits and bear losses equally,—in which event, of course, a partnership relation existed. However that may be, the business was carried on under the defendant's name, that of Lobely nowhere appearing. The defendant partially stocked the branch from his uptown stable. He furnished business cards advertising the branch "18 Renwick St., near Canal," in connection with "Uptown Stables, 416 East 76th Street," and announcing "W. A. Rabe, Proprietor" of both. No new billheads were printed, but those bearing the address of the main place of business were used. The exclusive management of the branch business was intrusted to Lobely; the defendant visiting that stable once immediately after it was opened, and not thereafter. Lobely held himself out as William A. Rabe to all persons,— to debtors, creditors, and neighbors alike. All people dealt with him under the belief that he was W. A. Rabe, and it seems that, so far from making any attempt to remove, he encouraged, this erroneous belief. In June, 1898, the plaintiffs' salesman, being unacquainted either with Rabe or Lobely, called at 18 Renwick street, asked for W. A. Rabe, and obtained from Lobely, who represented himself to be that person, an order for the three wagons which are the subject of this suit. The wagons were delivered and partly paid for in the fall of 1898. After futile efforts to collect the balance, the plaintiffs, on investigation, discovered who the real W. A. Rabe was, and brought this action against him. The facts recited are undisputed.

The defendant resists liability on the ground that prior to the purchase of the wagons he had severed all relations with Lobely. He claims that in March, 1898, one month after the branch had been opened, he sold out his entire interest to Lobely for $400, and that he was in complete ignorance of all the transactions had by Lobely subsequent to that time. Beyond the defendant's testimony, no evidence, oral or written, was introduced to support the transfer. No writing passed between him and Lobely, no bill of sale was executed, no receipt for the $400 given, no assignment of the unexpired lease made, and no consent of the landlord obtained, which was a prerequisite to a valid assignment. No change was made in the business stationery. Most important of all, no notice was given to anybody, either by advertisement or otherwise, that the business connection between him and Lobely had been severed, or that any change had taken place in the relations originally subsisting. Under the circumstances, it matters not whether Lobely was the defendant's partner, or his general agent to conduct his branch stable. Even giving full credence

to his story, and treating him as the victim of Lobely's fraud, his acts and omissions make him answerable to the plaintiffs. During the month that they were concededly associated, Lobely had the authority to bind him to the contract in question; and, in the absence of notice, the plaintiffs were justified in assuming that Lobely had that authority in June. Were we to take a view more favorable to the defense than the trial justice, and regard both parties to the litigation innocent, the defendant would still have to bear the loss, as his conduct rendered it possible.

If the original relationship was one of partnership,—and we think the evidence justifies such a construction,—the defendant continued liable for all dealings after the dissolution until notice, actual or constructive, had been brought home to the plaintiffs. Vernon v. Manhattan Co., 22 Wend. 183; Bank v. McChesney, 20 N. Y. 240. If the original relationship, on the other hand, was merely one of general agency, the same rule as in the case of a partnership would apply. Claflin v. Lenheim, 66 N. Y. 301. An agent dealing with innocent third persons, having an apparent ownership or authority conferred by the act of the principal, is deemed to be the owner, or to possess the requisite authority, as against the principal, in behalf of such third persons, whatever the truth may be; and the authority of the agent to bind his principal continues, even after an actual revocation, until notice of the revocation is given. Story, Ag. §§ 470–473; McNeilly v. Insurance Co., 66 N. Y. 23; Stevens v. Schroeder (Sup.) 58 N. Y. Supp. 52. The defendant's acts afforded Lobely the opportunity to commit the fraud, and he, rather than the plaintiffs, must suffer the consequences. Trankla v. McLean, 18 Misc. Rep. 221, 41 N. Y. Supp. 385. The judgment must be affirmed.

Judgment affirmed, with costs to the respondents. All concur.