(36 Misc. Rep. 169.)

### DICKINSON v. SALMON.

(Supreme Court, Appellate Term.  October, 1901.)

**1. AGENCY—EVIDENCE.**
   Evidence tending to prove agency, though not full and satisfactory, is admissible; the question of its weight being for the jury.

**2. SAME—AUTHORITY.**
   Acquiescence in acts of an agent is sufficient, from which the authority of the agent may be implied.

Appeal from city court of New York, general term.

Action by Patrick F. Dickinson against Hamilton H. Salmon. From a judgment for plaintiff, affirmed by the general term (72 N. Y. Supp. 1099), and from an order denying a new trial, defendant appeals.  Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

Johnston & Johnston (Edward W. S. Johnston, of counsel), for appellant.

George F. Langbein, for respondent.

McADAM, J.   The plaintiff, a plumber, did and performed work and furnished material in making repairs to the houses known as Nos. 57 and 59 West Seventy-First street and No. 132 West Eighty-Fifth street, in the city of New York, between January and March, 1896, of the value of $136.38.   The order for the work and material was given by one Frank Yoran, and the main question litigated at the trial was whether Yoran had authority to give the order and bind the defendant thereby.   It was conceded that Yoran was the agent employed to collect the rents, and that, according to the custom of agents, he made out written statements every month to his principal, giving the amount of rents collected, the commissions for collection, and the repairs to the houses, and after deducting these a check was made out by Yoran, for the balance, to the individual name of the defendant, who deposited the same in his bank.   For five years these statements and checks were sent to and received by the defendant, the checks being indorsed and deposited to his credit.   He never at any time objected that the checks were not properly made out, or that Yoran had no authority to contract bills for repairs.   This evidence was sufficient to require the submission of the question of agency and authority to the jury.   It was so submitted, and the jury found that Yoran had the required authority, and rendered a verdict in favor of the plaintiff.

It is impossible to lay down any inflexible rule by which it can be determined what evidence is sufficient to establish agency in any given case, but it may be said, in general terms, that whatever evidence has a tendency to prove agency is admissible, even though it be not full and satisfactory, as it is the province of the jury to pass upon it.   Mechem, Ag. § 106.   Authority is often implied from the recognition of the principal or his acquiescence in the acts of the agent (Story, Ag. §§ 54, 55; 2 Greenl. Ev. [Redf. Ed.] § 65; Cow. Treat. [Kingsley's Ed.] §§ 154, 242), as well as from circumstances (In re Zinke, 90 Hun, 127, 35 N. Y. Supp. 645).   Thus, where one is accustomed to permit his wife, child, or servant to purchase goods on his account, all purchases so made will be deemed authorized, and he will be bound to pay for them.   Cow. Treat. § 242.   And see Olcott v. Tioga R. Co., 27 N. Y. 546, 84 Am. Dec. 298; Sykes v. Temple, 69 Hun, 448, 23 N. Y. Supp. 425; Lowenstein v. Lombard, Ayres & Co., 164 N. Y. 324, 58 N. E. 44; Wood, Mast. & S. § 260.   The argument by which the defendant seeks to avoid the application of these rules is unavailing.

We find no errors prejudicial to the appellant, and the judgment and order must be affirmed, with costs.

Judgment and order affirmed, with costs.   All concur.