(99 App Div. 543)

## MOLLINEAUX et al. v. CLAPP.

(Supreme Court, Appellate Division, Second Department.   December 1, 1904.)

1. HUSBAND AND WIFE—LIABILITY OF WIFE—UNDISCLOSED PRINCIPAL—OB-
   JECTIONS—APPEAL.

   Where an action was brought against a wife for certain oats and grain
   delivered to her husband, and no objection was made at the trial by either
   party to the submission of the case on the theory that the wife was the
   undisclosed principal of her husband, she was not entitled to object to
   such submission on appeal.

2. SAME—APPEAL FROM JUDGMENT—EXCEPTIONS.

   On an appeal from a judgment only, the appellate court is confined to
   a review of the exceptions taken at the trial.

3. SAME—EVIDENCE.

   Where, in an action against a married woman for supplies furnished,
   a witness who testified that he had accompanied defendant to the bank
   was then asked, "What took place?" and answered that sometimes de-
   fendant would go in herself, and sometimes witness would go in, the
   question did not necessarily call for an incompetent answer, and hence
   the court's refusal to sustain an objection thereto was not prejudicial
   error.

4. SAME—TIME OF OBJECTION.

   Where an objection to evidence was not taken until after the question
   was answered, it was not error to refuse to strike out the answer; the
   proper remedy being a request for an instruction that the jury disregard
   the same.

5. SAME—GOODS CHARGED TO HUSBAND.

   Where a married woman was the owner of cattle for which the oats
   and grain sued for were purchased, the facts that such goods were
   charged to the husband, that bills were sent to him, or that he gave notes
   therefor, did not preclude the seller from maintaining an action for the
   price against the wife.

6. SAME—MOTION FOR NEW TRIAL—APPEAL FROM JUDGMENT—REVIEW.

   The denial of a motion for a new trial cannot be reviewed on appeal
   from a judgment.

Appeal from Trial Term, Nassau County.

Action by William R. Mollineaux and another against Susan J. Clapp.
A judgment was rendered in favor of plaintiffs, from which defendant
appeals.   Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-
WARD, JENKS, and HOOKER, JJ.

James P. Nieman, for appellant.
Henry L. Maxson, for respondents.

JENKS, J.   The action is for goods sold and delivered to the de-
fendant, consisting of oats, grain, hay, etc.   Even though it was sub-
mitted to the jury on the theory that defendant was the undisclosed prin-
cipal of her husband, this was not inharmonious with the evidence.
There was neither demurrer nor objection by either party.   I think that
there is no reason to disturb the verdict on this ground.   Bennett v.
Judson, 21 N. Y. 238.   As the appeal is from the judgment only, we

¶ 4. See Trial, vol. 46, Cent. Dig. §§ 185, 186, 977.

should confine our review to the exceptions.  Third Avenue R. Co. v. Ebling, 100 N. Y. 98, 101, 2 N. E. 878; Stevens v. Schroeder, 40 App. Div. 590, 58 N. Y. Supp. 52; Ten Eyck v. Witbeck, 55 App. Div. 165, 168, 66 N. Y. Supp. 921; Collier v. Collins, 172 N. Y. 99, 101, 64 N. E. 787.

The first exception is to the question put to Breen, who was in the employ of the defendant and her husband.  He testified that he had accompanied her to the bank, and was then asked: "Q. What took place?"  This was objected to, and the witness then answered: "A. Sometimes she would go in herself, and sometimes I would go in." The counsel then objected on the ground of immateriality, the objection was overruled, and the defendant then excepted.  The question objected to did not necessarily call for an answer that could not be material, competent, and relevant.  The objection made before the answer to the question was not put upon any ground, nor was it ruled upon or excepted to.  The objection on the ground of immateriality was made subsequent to the answer, and no motion was made to strike out the answer. In any event, I cannot see that the answer was prejudicial.

The second exception is to the question put to the defendant's witness Houghton, who testifies that the defendant, after her husband's death, came to him, saying she wished to sell a wagon.  "Q. And you took the wagon and tried to sell it, did you not?  A. Yes, sir."  Defendant's counsel then objected that it was incompetent, irrelevant, and immaterial, and moved to strike out the answer.  The motion was denied under exception.  This falls within the rule laid down by us in McCoy v. Munro, 76 App. Div. 437, 78 N. Y. Supp. 849, as follows:

"But the objection appears to have been taken after the question was answered, and, if the exception was to the denial of the motion to strike out the answer, the refusal of the court was not error, but the remedy of the defendant was a request for an instruction that the jury disregard it.  Holmes v. Moffatt, 120 N. Y. 159, 24 N. E. 275; Smith v. Nassau Electric R. Co., 57 App. Div. 152, 154, 67 N. Y. Supp. 1044."

The goods were not household necessaries, but were hay, oats, grain, etc., used to feed the horses and the mule kept on the premises owned by the defendant, and there was evidence that the defendant was also the owner of these cattle.  See Cutter v. Morris, 116 N. Y. 310, 22 N. E. 451.  The mere facts that the goods were charged to the husband, or that bills were sent to him, or that he gave notes for them, were explainable.  Franklin Coal Co. v. Hicks, 46 App. Div. 441, 61 N. Y. Supp. 875.  See, too, Foster v. Persch, 68 N. Y. 400.

The fourth exception, being to the denial of a motion for a new trial, is not available on this appeal.  Boos v. World Mutual Life Insurance Co., 64 N. Y. 236; Matthews v. Meyberg, 63 N. Y. 656; Third Avenue R. Co. v. Ebling, supra.

The judgment should be affirmed, with costs.  All concur.