B. GERTZ, INC., Plaintiff, *v.* WILMA BEYER et al., Defendants.

Municipal Court of the City of New York, Borough of Queens, October 28, 1954.

*Charles H, Ellner* for plaintiff.

*F. Lloyd Barry* for William Schneider, defendant.

PEARLMAN, J. This is an action by a department store against an alleged husband and wife for a balance due in the sum of $252.95 for goods sold and delivered to the alleged wife upon the credit of the alleged husband.

The defendant, Wilma Beyer, is a widow, fifty-three years of age. The defendant, William Schneider, is a widower, fifty-five years of age. In 1949, they met and commenced a clandestine relationship. In June, 1950, while away together on a trip to Vermont, they wrote to their respective children that they had married, which, however, was untrue. Upon their return to Flushing, New York, he moved into her three-room apartment and they held themselves out to be husband and wife. This arrangement lasted until May 12, 1953, at which time she claims that he left of his own accord and abandoned her. He claims, conversely, that she threw him out of the house. She further states that he wanted to marry her but that she was reluctant to do so.

Of course, all was rosy to all intents and purposes until the meretricious relationship was terminated. Then things began to happen. He suddenly discovered that there was a balance due the plaintiff, who demanded payment from him. While they lived together their earnings were pooled, his at $100 or $125 per week, hers at $130 a month. Their living expenses were paid out of the combined earnings.

She had opened a charge account with the plaintiff herself under the names of Wilma Schneider and William Schneider.

The plaintiff now moves for summary judgment, striking out the answer of the alleged husband as being sham. The defendant, the alleged husband, countermoves for summary judgment, dismissing the complaint against him, because there is no cause of action. In support of the plaintiff's motion it submits the affidavit and replying affidavit of the defendant, Wilma Beyer.

The court has briefly summarized above the factual contention of the defendant, Wilma Beyer. In essence, the defendant, William Schneider, emphatically denies her claims.

Voluminous affidavits have been submitted by both sides. Oral argument was had before this court on the return day of the motion.

At the outset the court wishes to thank both counsel for their painstaking efforts in the able presentation of their case, not only at the time of argument in open court, but in the papers submitted for the court's deliberation.

Both defendants have washed their dirty linen publicly. The defendant Beyer, in order to escape financial obligation, has selected an open forum to vent her spleen on one with whom she was "in love". On the other hand, defendant Schneider, in order to avoid payment, has permitted himself to be publicly maligned and besmirched. It would be normal for the court to meditate and say, " A plague on both your houses ", if it were not for the legal question involved. If it were a husband and wife relationship, it would be a simple matter to decide, but the question becomes more difficult because of the clandestine and illegitimate relationship which stems from the voluntary acts of the defendants, each of whom should have been mature enough at his or her age to contemplate the consequences which would naturally flow from their meretricious association.

A husband who supplies his wife with necessaries or the funds therefor, is not responsible to those who supply her with necessaries upon his credit. (*Elder* v. *Rosenwasser,* 238 N. Y. 427; *Oatman* v. *Watrous,* 120 App. Div. 66.)

One who is not a legal husband may not be held legally liable under any theory of the responsibility of a husband to or for a wife's act.

However, a meretricious relationship may not itself be invoked into becoming an immunity. If her assertions as to his conduct are true, he is liable to plaintiff for her acts as his agent, either by express authorization or necessarily implied approval and acquiescence for what she has done. If his assertions are true,

no liability would fall upon him were he her legal husband. Obviously none could fall upon him since he is not her legal husband.

"An individual assumes the relations, acquires the rights, and incurs the obligations which are the proper results of his acts, equally, whether he does those acts himself or through the medium of another." Also "he is bound equally by the authority he actually gives, and by that which, by his acts, he appears to give." (*Edwards* v. *Dooley,* 120 N. Y. 540, 548, 551.)

" ' An agency may be implied where one person by his conduct holds out another as his agent, or thereby invests him with apparent or ostensible authority as agent; and he thereby becomes liable for such agent's acts, whether the liability is based upon an implied agency or an agency by estoppel, and whether he actually intends to be bound or not.' " (*Krstovic* v. *Van Buren,* 200 App. Div. 278, 284; *Ring* v. *Long Is. Real Estate Exch. & Invest. Co.,* 93 App. Div. 442, affd. *sub. nom. Ring* v. *Howell,* 184 N. Y. 553.)

With regard to the contention of the pooling of funds, see *Morey* v. *Webb* (58 N. Y. 350) which states that providing an agent with funds, when authority to purchase on credit is given him, is no defense to an action for credit.

Acquiescence in acts of an agent is sufficient from which authority may be implied. (*Dickinson* v. *Salmon,* 36 Misc. 169.)

When one puts another in a position apparently authorized to act for him, he should answer for the acts. (*Hanover Nat. Bank* v. *American Dock & Trust Co.,* 148 N. Y. 612; *McNeilly* v. *Continental Life Ins. Co.,* 66 N. Y. 23.)

Who is asserting the truth, and to what extent, is for the province of the trial court and this court is therefore constrained to deny both the motion and the countermotion. Motion and countermotion for summary judgment are therefore denied.